IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. ___1:19-CV-3720_____

UNITED STATES FOR THE USE OF
COLORADO CUSTOM ROCK
CORP.,

      Plaintiff,

v.

G&C FAB-CON, LLC and EVEREST REINSURANCE
COMPANY,

      Defendants.

---

## COMPLAINT

---

Plaintiff, the United States, for the use of Colorado Custom Rock Corp., brings this case pursuant to 40 U.S.C. § 3131, *et seq*., and for its Complaint against Defendants G&C Fab-Con, LLC and Everest Reinsurance Company, states as follows:

### PARTIES

1.      Plaintiff, Colorado Custom Rock Corp. ("CCR") is a Colorado corporation with its principal place of business at 4963 Kelso Road, Boulder, CO 80301.

2.      Defendant, G&C Fab-Con, LLC ("Fab-Con") is, on information and belief, a New Jersey limited liability company with its principal place of business at 5 Forster Lane, Flemington, NJ 08822 or 417 Highway 202, Flemington, NJ 08822.

3.      Defendant, Everest Reinsurance Company ("Everest") is, on information and belief, a Delaware corporation with its principal place of business at 477 Martinsville Road,

Liberty Corner, NJ 07938.

## JURISDICTION, VENUE AND PLACE OF TRIAL

*4.*     Original jurisdiction in the United States District Courts is authorized pursuant to 28 U.S.C. § 1331 as a federal question under the Miller Act, 40 U.S.C. § 3131, *et seq.*

5.     Venue is appropriate in the United States District Court for the District of Colorado, sitting at Denver, Colorado, pursuant to 40 U.S.C. § 3133(b)(3) and 28 U.S.C. §1391(b) because the claims arise from a federal agency contract for work performed in El Paso County, Colorado, and the violative acts complained of occurred in this District.

6.     The Court has jurisdiction over the remaining claims for relief under its supplemental jurisdiction, as set forth in 28 U.S.C. § 1367 (a).

## STATEMENT OF FACTS

7.     On or about January 4, 2018, Fab-Con and CCR entered into an agreement (the "Subcontract") by which CCR was to perform work specified in the Subcontract including masonry, masonry mortaring, masonry grouting, CMU and unit masonry work, cut stone, natural stone veneer, damp-proofing, insulation, flashing/sheet metal, caulking for complete masonry assemblies as shown on plans and specifications in the Subcontract, including without limitation ID panels, bearing plates, EPDM membrane over columbarium, anchors, surveying and preparation of as-builts, and other items listed in the scope of work in the Subcontract.  The parties executed the Subcontract in connection with a construction project entitled "17CO-PIKES – Pikes Peak National Cemetery – Gravesite Expansion Project" with an address of 10545 Drennan Road, Colorado Springs, CO 80925 (the "Project").  Fab-Con acted as the general contractor and the United States Department of Veterans Affairs was the owner ("Owner") under Contract VA101F-17-C-3088 (the "Prime Contract") for the Project.

8.     Everest, as surety, provided payment and performance bonds for the Project with

Fab-Con as principal, pursuant to 40 U.S.C. §3133, *et seq.*

9.      In accordance with the terms of the Subcontract and the applicable Federal Acquisition Regulations, Fab-Con is required to pay CCR for the services performed. Fab-Con has repeatedly breached this contractual requirement by failing to pay CCR despite demand.

10.      CCR provided construction services, inclusive of labor, materials, equipment, and services, in performing its scope of work under the Subcontract.

11.      CCR completed its last work on the Project on May 6, 2019.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

12.      CCR restates and incorporates by reference the prior allegations here.

13.      During its work on the Project, CCR performed in accordance with the Subcontract and regularly checked its work with Fab-Con's quality control team, which inspected and approved CCR's work, including work Fab-Con later argued was non-compliant.

14.      CCR performed all the terms and conditions of the Subcontract it was required to perform until its continued performance was prevented or excused by Fab-Con's improper election to terminate CCR.

15.      Fab-Con breached the Subcontract in numerous ways including but not limited to failure to timely pay amounts due; improper termination; improper attempts to assert setoffs to amounts owed based on allegedly non-compliant work that Fab-Con had previously inspected and approved; failure to properly credit CCR for work performed and materials delivered and used; poor project management; and other actions or inaction that violated contractual duties and harmed CCR.

16.      Fab-Con also failed to properly notify CCR of alleged deficiencies with its work and deprived CCR of an opportunity to investigate the allegations before Fab-Con or its agents

altered, destroyed or disposed of the evidence that would allegedly support its claims that CCR had performed non-complaint work.  Fab-Con's actions constitute spoliation of evidence, which is a breach of the Subcontract and which estops Fab-Con from asserting defenses to payment based upon alleged evidence it altered or destroyed without notifying CCR and giving CCR an opportunity to inspect and review the alleged evidence.

17.     CCR has been damaged by these breaches in an amount to be determined at trial, in an amount not less than $637,789.67.

## SECOND CLAIM FOR RELIEF

### (Claim Against Payment Bond)

18.     CCR restates and incorporates by reference all prior allegations here.

19.     The Miller Act, 40 U.S.C. § 3131, *et seq.*, is applicable to this action.

20.     Fab-Con posted a payment bond, provided by Everest, for the Project, in the amount of $31,843,000, bearing Bond # ES00000353, OMB Control # 9000-0045 (the "Bond").

21.     CCR has furnished labor, materials, equipment, and services to the Project under its Subcontract with Fab-Con and is a person protected by the Miller Act.

22.     As a supplier of labor, materials, equipment, and services on the Project, CCR is an intended beneficiary of the Bond and entitled to recover on the Bond for the unpaid balance it is owed for the labor, materials, equipment, and services it provided to the Project.

23.     CCR timely and properly notified Fab-Con and Everest of its claim as required under the Miller Act, and all other conditions precedent to making its claim against the Bond have been satisfied.

35.     The Prime Contract between the Owner and Fab-Con was for the construction, alteration, or repair of a public building or public work of the United States.

36.     CCR provided the materials and fully performed the services as required under the Subcontract with Fab-Con, yet there remains an outstanding balance owed by Fab-Con to CCR on the Subcontract.

37.     Everest, despite receiving timely notice and enough information upon which to evaluate CCR's claim, has failed and refused to pay amounts owing to CCR, which should be paid in accordance with the terms of the Bond.

38.     Fab-Con, as principal, and Everest, as surety, are liable, jointly and severally, under the Bond to pay CCR the balance owed for its unpaid labor, equipment, materials, and services provided to the Project.

39.     CCR last performed labor or furnished materials and services under its Subcontract with Fab-Con more than 90 days, but less than one year, prior to the date of filing of this Complaint.

## REQUESTS FOR RELIEF

A.     Under the First Claim for Relief, CCR seeks judgment against Fab-Con in an amount to be proven at trial, plus interest at the legal rate, for the costs of this action, and for any additional relief this court deems just and equitable.

B.     Under the Second Claim for Relief, CCR seeks a judgment against Fab-Con and Everest and an order directing Everest to pay to CCR the amount of its judgment out of the Bond, along with interest at the legal rate, together with the costs of this action, and for any additional relief this Court deems just and equitable.

Respectfully submitted this 31st day of December 2019.

MOYE WHITE LLP

 s/ Daniel C. Wennogle
J. David Arkell
Daniel C. Wennogle
Kelsey R. Bowers
Denver, Colorado  80202
Phone: (303) 292-2900
Email:        david.arkell@moyewhite.com
              daniel.wennogle@moyewhite.com
              kelsey.bowers@moyewhite.com

*Attorneys for plaintiff United States for the use of
Colorado Custom Rock Corp.*

Plaintiff's address
Colorado Custom Rock Corp.
4963 Kelso Road
Boulder, CO 80301